KELLY A. JOHNSON
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

KEVIN V. RYAN
United States Attorney
CHARLES M. O'CONNOR
Assistant United States Attorney
Northern District of California
450 Golden Gate Ave., Box 36055
San Francisco, CA 94102

A. KENT MAYO
Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 616-6557
kent.mayo@usdoj.gov

Attorneys for Plaintiff United States

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>and<br><br>STATE OF HAWAII,<br>MISSISSIPPI COMMISSION ON<br> ENVIRONMENTAL QUALITY,<br>STATE OF UTAH,<br>BAY AREA AIR QUALITY<br> MANAGEMENT DISTRICT,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>CHEVRON U.S.A. INC.,<br><br>Defendant. | NO. C 03-04650 (CRB)<br><br>**THIRD STIPULATION TO SUBSTITUTE CORRECTED PAGES IN PROPOSED CONSENT DECREE** |

THIRD STIPULATION TO SUBSTITUTE CORRECTED PAGES
No. C 03-04650 CRB

Plaintiff, the United States of America, Defendant, Chevron U.S.A. Inc., and Plaintiff-Intervenors, State of Hawaii, Mississippi Commission on Environmental Quality, State of Utah, and Bay Area Air Quality Management District (collectively, "parties"), by and through undersigned counsel, and pursuant to Civil L.R. 16-2(e) and 7-11, hereby stipulate to substitute certain pages, as described below and attached to this Stipulation, in the proposed Consent Decree lodged with this Court on October 16, 2003, to be considered by the Court pursuant to the pending United States' Motion to Enter Proposed Consent Decree. The parties request Court approval of said stipulation.

1. On October 16, 2003, the United States, on behalf of the Environmental Protection Agency ("EPA"), concurrently filed its Complaint against Chevron in this action and lodged with the Court a proposed Consent Decree that reflects the parties' intent to resolve through settlement all claims alleged by the United States and the Plaintiff-Intervenors in their respective Complaints.

2. On August 13, 2004, the United States filed a Motion to Enter Proposed Consent Decree and supporting Memorandum of Points and Authorities and related Appendix. Pursuant to Court orders, the United States, Chevron, Plaintiff-Intervenors, and entities granted amici curiae status by the Court have made subsequent submissions relating to the proposed settlement. The United States' Motion to Enter remains pending before the Court.

3. On May 12, 2005, the Court held a hearing regarding the United States' Motion to Enter. At the hearing, the Court expressed concern that certain provisions of the proposed Consent Decree (Paragraphs 107, 108, and 234) addressing potential future material modifications of the Decree did not define clearly the Court's role in the review and approval of such modifications. The Court requested that the parties consider its concerns and determine whether such concerns could be addressed through revisions to the relevant language.

4. The parties have consulted and reached agreement on proposed revisions intended to address the Court's concerns. The specific revisions are discussed below in paragraphs 5 and 6.

5. Paragraph 234 (Modification) of the proposed Consent Decree sets forth the process by which the parties may modify or seek to modify the Consent Decree after the Decree has been entered by the Court. At the May 12 hearing, the Court expressed concern that the language of Paragraph 234 did not expressly provide that material modifications to the Consent Decree would be subject to approval by the Court. To respond to the Court's concerns, the parties have agreed to revise the relevant language to clarify the Court's role in the modification process. First, consistent with their original intent, the parties hereby submit revised language for Paragraph 234 that expressly confirms that materials modifications "shall be effective upon approval by the Court." Second, the parties also are submitting additional revisions to Paragraph 234 that clarify the types of modifications that can be considered "non-material modifications" and that provide for the filing of non-material modifications with the Court on a periodic basis (which is not required by the current version of the Consent Decree). The parties believe that the submitted revisions resolve, and go beyond, the Court's stated concerns and ensure a fair and transparent modification process.

The revised version of Paragraph 234 will read as follows:

> 234. **Modification**. The Consent Decree contains the entire agreement of the Parties and shall not be modified by any prior oral or written agreement, representation or understanding. Prior drafts of the Consent Decree shall not be used in any action involving the interpretation or enforcement of the Consent Decree. Non-material modifications to this Consent Decree shall be in writing and signed by the Parties. The United States will file non-material modifications with the Court on a periodic basis. For purposes of this Paragraph 234, non-material modifications shall include, but not be limited to, schedule modifications that do not extend the date for compliance with emission limitations following the installation of control equipment, schedule modifications that do not extend the date for completion of a catalyst additive program (as specified in Paragraphs 12.g. or 17.e. of this Consent Decree), and modifications to frequency of reporting obligations, provided that such changes are agreed upon in writing by EPA and Chevron. Material modifications to this Consent Decree shall be in writing, signed by the Parties, and shall be effective upon approval by the Court. Specific provisions in this Consent Decree that govern specific types of modifications shall be effective as set forth in the specific provision governing the modification.

The parties seek to incorporate these revisions by submitting a replacement page 144 for the Consent Decree, attached to this Stipulation as Attachment 1, to be inserted in the proposed Consent Decree lodged with the Court on October 16, 2003, and to be considered by the Court pursuant to the United States' Motion to Enter.

THIRD STIPULATION TO SUBSTITUTE CORRECTED PAGES
No. C 03-04650 CRB                          - 3 -

1        6.      Paragraphs 107 (Securing Permits) and 108 (Commercial Unavailability of
2  Control Equipment and/or Additives) of the proposed Consent Decree address specific
3  circumstances in which Chevron's ability to meet compliance schedules established in the
4  Decree is affected by events beyond Chevron's control.  In such circumstances, the parties may
5  agree on a revised schedule for the relevant obligation(s).  The Court expressed concern that
6  these provisions, as originally drafted, could allow the parties to make material modifications
7  without subjecting such modifications to Court approval.  In order to address the Court's
8  concerns, the parties are submitting revisions to Paragraphs 107 and 108 that clarify that any
9  modifications made pursuant to these Paragraphs are subject to the general provisions governing
10  modifications, including Court approval of material modifications, set forth in Paragraph 234 (as
11  revised above).  Specifically, the parties have revised the relevant language in Paragraphs 107
12  and 108 identified by the Court to read as follows: "All modifications to any dates initially set
13  forth in this Decree or in any approved schedule of implementation shall be signed in writing by
14  EPA and Chevron and shall be subject to the requirements of Paragraph 234 (Modification)."
15  The parties have also agreed to minor corresponding revisions to the language addressing
16  potential stipulated penalties under Paragraphs 107 and 108.  The parties seek to incorporate
17  these revisions by submitting replacement pages 97, 98, and 99 for the Consent Decree, attached
18  to this Stipulation as Attachment 2, to be inserted in the proposed Consent Decree lodged with
19  the Court on October 16, 2003, and to be considered by the Court pursuant to the United States'
20  Motion to Enter.
21        7.      In addition to the above revisions, the parties have also identified certain
22  additional revisions/corrections that should be made prior to the Court's potential final approval
23  of the proposed Consent Decree.  As previously explained, Chevron has been required under the
24  terms of the proposed Consent Decree to begin performing many of the injunctive relief
25  obligations in the Decree to meet specific compliance dates.  In the course of Chevron's
26  performance of these obligations, the parties have become aware of certain corrections to the
27  Decree that should be made to conform to the parties' original intent and to allow for the most
28

1  efficient and effective performance of the required obligations.  The specific corrections are
2  discussed below in paragraphs 8-11.

3      8.     Appendix D to the proposed Consent Decree is a schedule for compliance with
4  the requirements of NSPS Subpart J for certain heaters and boilers at Chevron's refineries.
5  Consistent with the requirements of Paragraph 43 of the Decree, Appendix D lists those units
6  that will be monitored for compliance using an Alternative Monitoring Plan ("AMP").  In the
7  course of its performance under the Decree, Chevron has determined that its initial identified list
8  of units needs to be corrected in two respects.  First, the unit at the Richmond refinery identified
9  as "5 NHT F-410" should be corrected to reference unit "5 NHT F-447."  Second, the reference
10 to the "Coker Feed Heater F-501 A/B" at the El Segundo refinery should be corrected to "Coker
11 Feed Heater F-501 B/C."  The parties agree that those corrections are appropriate, and Chevron
12 has submitted the AMPs for these units consistent with the December 31, 2004 deadline in the
13 Decree.  The parties seek to incorporate these corrections by submitting a revised version of
14 Appendix D to the Consent Decree, attached to this Stipulation as Attachment 3, to be inserted in
15 the proposed Consent Decree lodged with the Court on October 16, 2003, and to be considered
16 by the Court pursuant to the United States' Motion to Enter.

17      9.     Paragraph 17 of the proposed Consent Decree sets forth Chevron's obligations
18 to use SO2 reducing catalyst additives to reduce SO2 emissions and establish lower SO2
19 emission limits at Chevron's Richmond and Hawaii FCCUs.  Paragraph 17 sets forth specific
20 compliance dates by which Chevron must complete each step in the prescribed protocol for
21 selecting, testing, and using the SO2 reducing catalyst additives.  In order to avoid conflict with
22 its operating schedule at the Richmond refinery, Chevron has requested that two of the
23 preliminary compliance dates for Richmond be adjusted.  First, Chevron has requested that in
24 Paragraph 17.a. of the Decree, the "Baseline End" compliance date for collection of baseline
25 data at Richmond be changed from June 30, 2005 to June 1, 2005.  Second, Chevron has
26 requested in that in Paragraph 17.b.iii. of the Decree, the "Commence Date" for additive trials
27 for Richmond be changed from June 30, 2005 to June 1, 2005.  Chevron has not requested any
28

THIRD STIPULATION TO SUBSTITUTE CORRECTED PAGES
No. C 03-04650 CRB      - 5 -

1  changes to other compliance dates in Paragraph 17.  The parties have discussed Chevron's
2  request and agree that the requested adjustments are appropriate and should not impact effective
3  implementation of the protocol.  The parties seek to incorporate these adjustments by submitting
4  replacement pages 27 and 29 for the Consent Decree, attached to this Stipulation as Attachment
5  4, to be inserted in the proposed Consent Decree lodged with the Court on October 16, 2003, and
6  to be considered by the Court pursuant to the United States' Motion to Enter.

7         10.     Paragraphs 15, 20, and 29 of the proposed Consent Decree set forth the
8  requirements for use of continuous emission monitoring systems ("CEMS") to monitor
9  emissions of oxygen and specific pollutants from Chevron's FCCUs.  These paragraphs
10 essentially require Chevron to comply with the requirements set forth in 40 C.F.R. § 60.13 and
11 Part 60, Appendices A and F, that are applicable to CEMS, even though these requirements
12 might not otherwise be applicable in the absence of the Consent Decree.  Due to operating
13 conditions at its FCCUs, it is possible for Chevron to achieve more precise monitoring results for
14 its O2 CEMS than can be obtained required using the measurement values specified in Appendix
15 F.  Accordingly, the parties have agreed that the language of the relevant paragraphs should be
16 revised to allow Chevron to use measurement values that generate more precise monitoring data.
17 This revision would be accomplished by adding to the end of Paragraphs 15, 20, and 29 the
18 following sentence: "With respect to the O2 CEMS required by this Paragraph, in lieu of the
19 audit points specified in 40 C.F.R. Part 60, Appendix F § 5.1.2., Chevron may audit the O2
20 CEMS at 20-30% and 50-60% of the actual O2 CEMS span value."  The parties seek to
21 incorporate these revisions by submitting replacement pages 25, 37, and 41 of the Consent
22 Decree, attached to this Stipulation as Attachment 5, to be inserted in the proposed Consent
23 Decree lodged with the Court on October 16, 2003, and to be considered by the Court pursuant
24 to the United States' Motion to Enter.

25        11.     Section V.M. of the Consent Decree describes the nature and scope of
26 Chevron's enhanced LDAR obligations under the Consent Decree, and Paragraph 214A.
27 provides Chevron with a resolution of liability for certain potential LDAR violations.  It was the
28

THIRD STIPULATION TO SUBSTITUTE CORRECTED PAGES
No. C 03-04650 CRB                    - 6 -

intent of the parties that the scope of the resolution of liability under the Decree be consistent with the scope of Chevron's enhanced obligations (*i.e.*, apply to the same components and applicable regulations).  However, the current phrasing of the relevant Decree provisions is potentially ambiguous with respect to the parties' intent.  Therefore, the parties have agreed to revise the language of the relevant paragraphs to ensure that the Decree reflects the parties' intent that the scope of Chevron's enhanced LDAR obligations be consistent with the scope of the resolution of liability for potential LDAR violations set forth in the Consent Decree.  This revision would be accomplished through the following changes:

    a.    Revising Paragraph 214A. to read as follows:

214A.  **Resolution of Liability Regarding LDAR Requirements.**  Entry of this Consent Decree shall resolve all civil liability of Chevron to the United States and the Plaintiff-Intervenors for violations of the statutory and regulatory requirements set forth below in subparagraphs a. and b. that (1) commenced and ceased prior to the Date of Entry of the Consent Decree; and (2) commenced prior to the Date of Entry of the Consent Decree and continued past the Date of Entry, provided that the events giving rise to such post-Entry violations are identified by Chevron in its Initial Third-Party Audit Report(s) submitted pursuant to paragraph 85.a. and corrected by Chevron as required under Paragraph 86:

    a.    <u>LDAR Requirements</u>.  For all equipment in light liquid service and gas and/or vapor service, the LDAR requirements promulgated by EPA pursuant to Sections 111 and 112 of the Clean Air Act, and codified at 40 C.F.R. Part 60, Subparts VV and GGG; 40 C.F.R. Part 61, Subparts J and V; and 40 C.F.R. Part 63, Subparts F, H, and CC;

    b.    Any applicable state or local regulations, State Implementation Plan requirements, or permits that implement, adopt, or incorporate the regulatory requirements identified in Paragraph 214A.a. or set similar standards and that are enforceable by the United States or a Plaintiff-Intervenor.

    b.    Revising the last sentence of the paragraph under the heading "Section V.M." and the last sentence of Paragraph 83.b. by adding the following phrase to the end of each sentence: "that is enforceable by the United States or a Plaintiff-Intervenor."

    c.    The parties seek to incorporate these revisions by submitting replacement pages 82 and 135-136 of the Consent Decree, attached to this Stipulation as Attachment 6, to be inserted in the proposed Consent Decree lodged with the Court on October 16, 2003, and to be considered by the Court pursuant to the United States' Motion to Enter.

1   12. Because the Consent Decree has not been entered by the Court, the Court does
2 not yet have jurisdiction over the implementation of its terms.  Therefore, the parties are not
3 seeking Court approval of the submitted modifications.  Instead, this filing is made to ensure that
4 the version of the Consent Decree before the Court for consideration and approval reflects the
5 intent of the parties.
6   13. For the foregoing reasons, the parties request that the Court accept and insert
7 the corrected pages, attached as Attachments 1 through 6 to this Stipulation, in the proposed
8 Consent Decree lodged with the Court on October 16, 2003.  All other terms of the proposed
9 Consent Decree shall remain the same.
10   14. Counsel for the parties have conferred and hereby stipulate to the substitution
11 of the attached pages to correct the issues identified above.  Counsel for the United States attests
12 that he has conferred with counsel for Chevron and with counsel for each of the Plaintiff-
13 Intervenors and obtained their respective concurrences in the filing of this document in lieu of
14 signatures.

16 STIPULATED TO:

FOR THE UNITED STATES

KELLY A. JOHNSON
Acting Assistant Attorney General
Environment and Natural Resources
  Division
U.S. Department of Justice

21 Date: May 27, 2005     ____[electronically filed by]_____
A. KENT MAYO, Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 616-6557

| | |
|---|---|
| 1 | |
| 2 | **ORDER** |
| 3 | PURSUANT TO STIPULATION OF THE PARTIES, IT IS ORDERED that the substitute corrected pages submitted as Attachments 1 through 6 to the parties' Third Stipulation to Substitute Corrected Pages in Proposed Consent Decree shall be inserted in the proposed Consent Decree filed by the United States on October 16, 2003, and currently pending before the Court. |

Dated: May 31, 2005

_____
UNITED STATES



THIRD STIPULATION TO SUBSTITUTE CORRECTED PAGES
No. C 03-04650 CRB